UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA MARIA RODRIGUEZ-CORTEZ,<br>Petitioner,<br>v.<br>WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,<br>Respondents. | Case No. 5:26-cv-04678 ADS<br><br>ORDER DISMISSING PETITION AS MOOT |

## I. INTRODUCTION

Petitioner Rosa Maria Rodriguez-Cortez filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), seeking release from immigration detention and an injunction against future detainment. (Dkt. No. 1.) On November 2, 2026, the parties filed a joint status report. (Dkt. No. 33.) The joint status report states that Petitioner was removed from the United States on October 8, 2026. (Id.) The

parties agreed that the claims in the Petition are now moot and the Petition should be dismissed. (Id.)

## II. DISCUSSION

"A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, section 2, of the Constitution." U.S. v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001) (citation omitted). To maintain a viable claim, a litigant must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." Id. If there is no longer a possibility that a party can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction. See Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 521 (9th Cir. 1999). "When, by virtue of an intervening event, a court cannot grant any effectual relief whatever in favor of the petitioner," the proceeding should be dismissed as moot. Calderon v. Moore, 518 U.S. 149, 150 (1996) (cleaned up) (citation omitted).

Here, the parties agree that Petitioner was removed from the United States on October 8, 2026. (Dkt. No. 33.) The parties further agree that the Petition is consequently moot. (Id.) Because Petitioner is no longer in immigration custody, Petitioner's challenge to his immigration detention is moot. See Munoz v. Rowland, 104 F.3d 1096, 1097–98 (9th Cir. 1997) ("Because [the petitioner] has been released. . . we can no longer provide him the primary relief sought in his habeas corpus petition."); see also Paz v. California, No. SACV 16-0003 GW (SS), 2019 WL 1581418, at *3 (C.D. Cal. Feb. 11, 2019), report and recommendation adopted, 2019 WL 5693766 (C.D. Cal. Oct. 31, 2019) (holding that a challenge to immigration detention was moot because the noncitizen was removed). The Petition is moot and must be dismissed for lack of jurisdiction.

## III. CONCLUSION

Accordingly, it is hereby ORDERED:

(1) The Petition is dismissed without prejudice as moot; and

(2) Judgment will be entered accordingly.

Dated: November 9, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge